**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50269**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  August 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHERRY SUSAN CLARK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and possession of drug paraphernalia, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

Sherry Susan Clark appeals from her judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and possession of drug paraphernalia.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Clark drove a vehicle with her boyfriend as a passenger to meet an ambulance because her boyfriend was experiencing a medical emergency caused, in part, by consuming a large quantity of alcohol.  When an officer arrived, he noticed the odor of an alcoholic beverage coming from

1

Clark. Clark admitted to the officer that she had been drinking and had a shot of alcohol. The officer knew she had driven the vehicle to the current location and needed the vehicle to get home or elsewhere. As a result, the officer believed he had reasonable suspicion to investigate whether Clark was driving under the influence. Upon administering field sobriety tests, Clark failed two of the three. The officer administered a breath alcohol concentration (BAC) test--the results of which showed that Clark had no alcohol in her system. The officer read Clark her *Miranda*[1] rights and asked her about potential drug use. Clark informed the officer that she was a regular user of methamphetamine and had used the evening before. Clark further admitted that she had drug paraphernalia in her house. The officer, based on his training and experience, recognized that methamphetamine could cause impairment. The officer then asked Clark for consent to take her home and retrieve the drug paraphernalia from her residence; Clark agreed.

Upon entering Clark's residence, the officer stayed in the hallway and Clark went to the bedroom to retrieve the drug paraphernalia. While examining the contents of the drug paraphernalia, the officer noticed methamphetamine and seized it. The officer also saw a pill bottle with pills inside. Clark indicated to the officer that the pills were not hers and that she found them during her cleaning job. The officer ultimately seized the bottle, which contained hydrocodone. As the officer and Clark were exiting the residence, the officer saw marijuana and also seized it.

The State charged Clark with possession of methamphetamine, possession of marijuana, possession of hydrocodone, and possession of drug paraphernalia. Clark moved to suppress the evidence found in her residence, asserting a violation of her Fourth Amendment rights. The district court denied Clark's motion to suppress the methamphetamine and marijuana found in her residence.[2] Clark subsequently entered a conditional guilty plea to felony possession of a controlled substance, I.C. § 37-2732(c)(1); misdemeanor possession of a controlled substance, I.C.

---

[1]  *See Miranda v. Arizona*, 384 U.S. 436 (1996).

[2]  The district court granted Clark's motion to suppress evidence of the hydrocodone in the pill bottle. The district court found that, because Clark did not consent to the officer searching the house, the pill bottle was searched without Clark's consent. Thereafter, the State dismissed the possession of hydrocodone charge. The district court's decision granting Clark's motion to suppress the evidence of hydrocodone is not an issue on appeal.

2

§ 37-2732(c)(3); and possession of drug paraphernalia, I.C. § 37-2734(A)(1). Clark reserved her right to appeal the denial of her motion to suppress. Clark appeals.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Clark contends the district court erred in denying her motion to suppress, arguing that the officer's reasonable suspicion ended upon the result of Clark's BAC test. Clark also argues that, although she is mindful of contrary and controlling precedent, her consent was limited to giving the officer the drug paraphernalia in her home such that the officer unlawfully entered her residence in violation of the Fourth Amendment. The State responds that, based upon the relevant facts and case law, the district court did not err in denying Clark's motion to suppress. We hold that Clark has failed to show the district court erred in denying her motion to suppress.

### A.      Reasonable Articulable Suspicion

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is

about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003).

Clark asserts the district court erred in finding the officer had reasonable suspicion to continue to question her after the BAC test. We disagree. The officer initially noticed the odor of an alcoholic beverage coming from Clark. Clark then indicated she had been drinking earlier in the day and that she had one shot of alcohol. Based upon these facts, the officer had reasonable suspicion to administer field sobriety tests. Because Clark failed two of the three field sobriety tests, the officer administered a BAC test. Although the test results were negative for alcohol content, the officer still had reasonable suspicion that Clark may have been impaired based on her performance on the field sobriety tests. Driving under the influence does not just include alcohol; rather, a person could drive under the influence of other substances. *See* I.C. § 18-8004(1)(a). The officer was trained in drug recognition and understood the effects on a person of drugs such as methamphetamine. Based on this, the officer asked Clark if she had used any drugs. Clark admitted to being a regular user of methamphetamine and admitted she used methamphetamine about twenty-four hours prior. Further inquiry based on Clark's admissions was constitutionally permissible. *See State v. Pylican*, 167 Idaho 745, 477 P.3d 180 (2020) (holding that an officer had reasonable articulable suspicion of criminal conduct justifying the detention of a person to investigate her presence at a closed storage unit facility).

The officer had reasonable suspicion to detain Clark and question her about potential drug use. Clark has failed to show that the district court erred in concluding that the officer had reasonable suspicion to continue questioning Clark following the BAC test.

### B.    Consent to Search

Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). The State has the burden of demonstrating consent by a preponderance of the evidence, *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997), and must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho

4

261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

In this case, Clark argues that her consent was not voluntary because it was tainted by her illegal seizure. As discussed above, Clark was not unlawfully seized. Thus, her consent cannot have been tainted by an unlawful seizure. Clark further argues that the district court erred in finding that she lawfully consented to the officer entering her residence. This Court has held that, so long as the officer does not falsely or erroneously tell a person that an officer can obtain a search warrant or that the officer has a legitimate right to search a residence, then the person's consent was valid. *See Abeyta*, 131 Idaho at 709, 963 P.2d at 392. The officer told Clark that he could obtain a search warrant following Clark's admission to having methamphetamine paraphernalia in her residence. The district court found this admission satisfied the probable cause requirement for a search warrant; thus, the officer's statement was not false. Therefore, Clark has failed to show that the district court erred in concluding that she lawfully consented to the officer entering her residence.

Clark further argues that the officer exceeded the scope of her consent, as her consent was limited to gathering drug paraphernalia. However, the plain-view exception is a recognized exception to the warrant requirement and permits a warrantless seizure where certain conditions are met. *See Baldwin v. State*, 145 Idaho 148, 156, 177 P.3d 362, 369 (2008) (holding that the officer with consent to enter a person's residence could not seize a controlled substance without a warrant since the substance was in a jacket, not on the couch in plain view). The methamphetamine and marijuana seized by the officer were in plain view. Clark has failed to show the officer exceeded the scope of her consent.

## IV.

## CONCLUSION

The officer had reasonable suspicion to continue questioning Clark after the BAC test and had consent to enter and remain in her residence where he permissibly seized contraband that was in plain view. Clark has therefore failed to show that the district court erred in denying the motion to suppress. Accordingly, Clark's judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and possession of drug paraphernalia is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.