**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50534**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 26, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRUCE EDWARD REED, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for felony possession of a controlled substance and possession of drug paraphernalia, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Bruce Edward Reed appeals from his judgment of conviction for felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1). Reed argues the district court erred by denying his motion to suppress evidence obtained after a traffic stop. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts were adduced through testimony at the motion hearing and were set forth in the district court's order denying Reed's motion to suppress.

In June 2022, at 1:47 a.m., Garden City Police Officer, John Anderson, initiated a traffic stop of Reed's vehicle for a non-functioning headlight. Upon reaching the vehicle, Officer Anderson stood at the open window on the driver's side. The officer explained to Reed the reason

1

for the traffic stop and asked him for his driver's license, proof of insurance, and registration. Because it was dark outside and Reed struggled to locate the required documents, Officer Anderson illuminated the interior of the vehicle using his flashlight. While Reed was still searching for the documents, Officer Anderson noticed a metal straw, with a bent end pointing up, in the driver's side door handle area. Given the angle of the straw, and the lighting from the flashlight and a streetlight, Officer Anderson could clearly see into the opening of the straw. Officer Anderson recognized the white crystalline residue in the straw as a powdered illegal substance and asked Reed about the straw. In response, Reed picked up the straw, held it up to the officer and indicated it was a drinking straw. Based on the location of the straw and its appearance (bent on one end), Officer Anderson believed the straw was used to ingest illegal substances. Officer Anderson asked to see the straw and reached his hand inside Reed's vehicle towards the straw. Reed did not object and handed the straw to Officer Anderson.

Officer Anderson took the straw with him to the patrol vehicle and examined it with the flashlight. Shortly after, Officer Anderson returned to Reed's vehicle and asked him to exit the vehicle. With Reed's permission, Officer Anderson patted Reed down. Reed was detained only after Officer Anderson tested the powder inside the straw and confirmed it was methamphetamine. The officer read Reed his *Miranda*[1] rights, and Reed agreed to answer the officer's questions. Reed admitted that he used the straw to smoke methamphetamine and explained how he used it.

The State charged Reed with felony possession of a controlled substance, misdemeanor possession of drug paraphernalia, and a sentencing enhancement. Reed filed a motion to suppress, arguing Officer Anderson unlawfully seized the straw without probable cause and unlawfully extended the traffic stop without reasonable suspicion. The State opposed the motion, arguing Reed was subjected to a lawful traffic stop from which reasonable suspicion of independent criminal activity developed, and Officer Anderson had probable cause to seize the drug paraphernalia that was visible in plain view. The district court denied Reed's motion to suppress and concluded that seizure of the straw was justified under the plain-view doctrine. Additionally, the district court concluded the traffic stop was not unlawfully extended because Officer Anderson

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

2

had reasonable suspicion supporting the investigation into potential drug activity based on his observation of the straw.

Pursuant to a plea agreement, Reed entered a conditional guilty plea to felony possession of a controlled substance (I.C. § 37-2732(c)(1)) and misdemeanor possession of drug paraphernalia (I.C. § 37-2734A(1)), reserving his right to appeal the district court's denial of his suppression motion. The State agreed to dismiss the sentencing enhancement. Reed timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful of the district court's factual findings, Reed argues the district court erred when it denied his motion to suppress. Reed also argues that Officer Anderson lacked reasonable suspicion to extend the traffic stop to conduct a drug investigation. Reed also argues that Officer Anderson was not justified in seizing the straw under the plain-view doctrine and that his consent was invalid. In response, the State argues that Reed failed to show that the district court erroneously denied his motion to suppress.

Reed argues that Officer Anderson unlawfully extended the traffic stop by asking about the straw. Reed contends that Officer Anderson did not have the requisite reasonable suspicion to initiate a drug investigation during the traffic stop. According to Reed, because there was no reasonable suspicion of drug activity, the officer's questions regarding the straw are an illegal extension of the traffic stop. In response, the State argues that competent and substantial evidence supports the district court's finding that the officer had reasonable suspicion to extend the traffic

3

stop. The district court found that Officer Anderson did not unlawfully extend the traffic stop because he saw the white crystalline powder inside the straw before he initiated a drug investigation. The district court concluded the officer's observations satisfied reasonable suspicion.

Investigative detention is permissible if it is based upon specific articulable facts which justify reasonable suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The purpose of a stop is not fixed at the time the stop is initiated. *State v. Parkinson*, 135 Idaho 357, 362, 17 P.3d 301, 306 (Ct. App. 2000). Any routine investigative detention might cause suspicious circumstances which could justify an officer asking questions unrelated to the initial purpose for the stop. *State v. Myers*, 118 Idaho 608, 613, 798 P.2d 453, 458 (Ct. App. 1990). Moreover, an officer's observations and general inquiries, and the events succeeding the stop may--and often do--give rise to legitimate reasons for particularized lines of inquiry and further investigation by an officer. *Id.* Detention initiated for one investigative purpose may disclose suspicious circumstances that justify expanding the investigation into other possible crimes. *State v. Brumfield*, 136 Idaho 913, 916, 42 P.3d 706, 709 (Ct. App. 2001). Thus, the length and scope of the initial investigatory detention may be lawfully expanded if there exist objective and specific articulable facts that justify reasonable suspicion that the detained person is, has been, or is about to engage in criminal activity. *State v. Gomez*, 144 Idaho 865, 869, 172 P.3d 1140, 1144 (Ct. App. 2007).

Accordingly, our inquiry is directed at determining whether the officer had reasonable suspicion to continue the detention to investigate other possible crimes. The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Terry*, 392 U.S. at 27; *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. An officer may draw reasonable inferences from the facts in his or her possession to support reasonable suspicion, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Perez-Jungo*, 156 Idaho 609, 615, 329 P.3d 391, 397 (Ct. App. 2014).

The district court determined that the officer saw a white crystalline substance inside the straw while he was waiting for Reed to retrieve the requested documentation. Based on his training and experience, Officer Anderson believed the substance to be a type of illegal drug. The officer knew straws are commonly used to ingest such substances, and in his experience the driver's side door handle is a more common place for such drug paraphernalia to be kept rather than food or drink. The district court held these facts were sufficient to establish probable cause to initiate a drug investigation. Reasonable suspicion is merely a lower threshold of justification than probable cause. If, therefore, an officer has probable cause, he necessarily also has reasonable suspicion. Again, this Court accepts the trial court's findings of fact, when, as is the case here, such findings are supported by substantial evidence. *See State v. Watts*, 142 Idaho 230, 234, 127 P.3d 133, 137 (2005).

Officer Anderson testified that he observed white crystalline residue inside the straw before he asked Reed about the straw. The officer had two sources of light to observe the inside of the straw during the traffic stop. The district court determined that Officer Anderson had a direct line of sight of the inside of the straw. The white residue inside the straw can also be seen in Officer Anderson's on-body video. Based on this information, the district court held that Officer Anderson had probable cause to seize the straw.

Reed disagrees with the district court's factual finding that Officer Anderson observed a white crystalline residue inside the straw. This Court reviews the evidence presented to the lower court and will not reweigh the evidence. *State v. Porter*, 130 Idaho 772, 787, 948 P.2d 127, 142 (1997). Reed's argument is nothing but an invitation to reweigh the evidence, which this Court will not do when substantial and competent evidence supports the district court's findings. *See id.* This factual finding disposes of the predicate upon which Reed's arguments rest.

Next, Reed argues that the district court erred by holding that Officer Anderson could seize the straw pursuant to the plain-view exception to the warrant requirement. Specifically, Reed contends that Officer Anderson did not have probable cause to seize the straw because he "did not see a white crystalline residue inside the straw." The State argues that competent and substantial evidence supports the district court's factual findings. The district court determined that Officer Anderson was justified in seizing the straw under the plain-view doctrine.

5

The district court did not err in concluding that Officer Anderson could seize the straw pursuant to the plain-view doctrine. The plain-view doctrine permits the warrantless seizure of items observed in plain view under certain conditions. *Baldwin v. State*, 145 Idaho 148, 155, 177 P.3d 362, 369 (2008). First, the officer must lawfully make an initial intrusion or otherwise properly be in a position from which she or he can view a particular area. *Id.* Second, it must be immediately apparent to the officer that the item observed may be evidence of crime, contraband, or otherwise subject to seizure. *Id.* The second requirement is met when an officer has probable cause to believe the item in question was associated with criminal activity. *Id.* at 155-56, 177 P.3d at 369-70; *see also State v. Buterbaugh*, 138 Idaho 96, 99, 57 P.3d 807, 810 (Ct. App. 2002).

"Probable cause is a flexible, common-sense standard, and a practical, nontechnical probability that incriminating evidence is present is all that is required." *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012) (citing *Texas v. Brown*, 460 U.S. 730, 742 (1983)). Such probable cause "is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (citing *State v. Josephson*, 123 Idaho 790, 792-93, 852 P.2d 1387, 1389-90 (1993)). "Absolute certainty is not required." *State v. Tamez*, 116 Idaho 945, 946, 782 P.2d 353, 354 (Ct. App. 1989).

Here, there is no dispute regarding the validity of the initial traffic stop. Therefore, Reed does not dispute that Officer Anderson was lawfully standing at the driver's side window from where he observed the straw. The second element to satisfy the plain-view doctrine--probable cause to believe the item to be seized is associated with criminal activity--is also met. As indicated above, the district court did not err in finding that, based on his observations, Officer Anderson had probable cause to believe the straw was used to ingest illegal substances. Despite Reed's assurances that the straw was used for drinking, Officer Anderson testified that the condition of the metal straw was not consistent with the ordinary use of that straw. The district court found that the officer's training and experience were sufficient to believe that the powdered substance inside the straw was an illegal substance. The district court did not err in finding that Officer Anderson was justified in seizing the straw because of the plain-view doctrine.

Lastly, Reed argues his consent to Officer Anderson's seizure and search of the straw was invalid. Reed does not dispute that he consented but argues only that his consent is invalid because

6

it occurred during an unlawful extension of the stop. Because the district court did not err in holding that Officer Anderson did not unlawfully extend Reed's detention beyond the purpose of the traffic stop, his challenge is moot, and we decline to analyze it further.

## IV.

## CONCLUSION

Reed did not meet his burden of showing that the district court erred in denying his motion to suppress. The district court did not err in concluding that the officer had the requisite probable cause to seize the straw. Further, the district court did not err in finding that Officer Anderson possessed the requisite reasonable suspicion to extend the traffic stop to initiate a drug investigation. Finally, the district court did not err by concluding that Reed gave valid consent during a lawful drug-related investigation. Therefore, Reed's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.