782 P.2d 353

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mario Herrda TAMEZ,
Defendant–Appellant.**

No. 17947.

Court of Appeals of Idaho.

Nov. 1, 1989.

Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., by Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Mario Herrda Tamez stands convicted of grand theft by possession of stolen property. The sole issue on appeal is whether a warrantless seizure of evidence by the police was justified under the plain view doctrine. We hold that it was, and we affirm the judgment of conviction.

The facts are as follows. Two law enforcement officers, Patrolman Lewis Jones of the Rupert Police Department and Deputy Steven Benkula of the Minidoka County Sheriff's Office, responded to a report of a disturbance at a family residence. Upon arrival, they found Tamez and two women. The officers were told that Tamez had threatened the women with a gun. Tamez was arrested and placed in the police car. The officers searched for the gun, but were unable to locate it.

After he was placed under arrest, Tamez asked the officers to roll up the windows and to lock the doors of his car, which was parked at the residence. While doing so, Deputy Benkula noticed an object wrapped in a paper bag on the floorboard of the vehicle. He summoned Officer Jones, who removed the bag from the car, took it to Tamez and asked him what was inside. Tamez said it was a water pistol. Officer Jones opened the wrapping and revealed a handgun. Officer Jones later learned that the gun had been stolen. Tamez was charged with grand theft by possession of stolen property. He pled not guilty and moved unsuccessfully to suppress the gun as evidence. After a jury trial, he was found guilty as charged.

In this appeal, Tamez contends that the seizure of the gun without a search warrant was in violation of the United

States Constitution. The Fourth Amendment prohibits "unreasonable searches and seizures" and provides that search warrants must be based upon probable cause. Warrantless searches and seizures are considered unreasonable per se unless they come within several judicially prescribed exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The plain view doctrine often is classified as one of these exceptions. Alternatively, it may be regarded as an exclusion from the Fourth Amendment itself. "The doctrine, simply stated, is that if a police officer is where he has a right to be, and he sees something in plain view, the observation is not a search and the ensuing seizure ordinarily is not subject to Fourth Amendment strictures." *State v. Rusho*, 110 Idaho 556, 558, 716 P.2d 1328, 1330 (Ct.App.1986).

The plain view doctrine contains three requirements. First the officer lawfully must be in a position from which he can view the relevant area or object. *Coolidge*, 403 U.S. at 465–468, 91 S.Ct. at 2037–2039. Second, if the officer occupies that position due to an intrusion (albeit lawful) into a place where a privacy interest exists, he must have acted for a valid law enforcement purpose other than to view the object or area in question. This is occasionally, and perhaps inaccurately, called the "inadvertent discovery" requirement. *State v. Bussard*, 114 Idaho 781, 788 n. 2, 760 P.2d 1197, 1204 n. 2 (Ct.App.1988). Third, and finally, the observed item must have an immediately apparent connection with criminal activity. *State v. Holman*, 109 Idaho 382, 707 P.2d 493 (Ct.App.1985).

Here, Tamez concedes the first requirement. Deputy Benkula observed the wrapped object while securing the car at Tamez's request. Any intrusion during that activity was consensual and therefore lawful. The second requirement also has been satisfied. Deputy Benkula did not place himself in the car for the purpose of finding the gun. Rather, he entered the car for a legitimate reason—to roll up the windows—and inadvertently found the wrapped object on the floor.

■ Thus, the real dispute in this case pertains to the third requirement, that the object must have a readily apparent connection with criminal activity. Tamez contends that the object had no such apparent connection. However, an officer may draw reasonable inferences based on his training and experience in determining whether a connection exists. Thus, in *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), an officer saw a green party balloon on the floor of an automobile. The officer seized the balloon, finding it to contain heroin. The Supreme Court upheld the seizure upon the plain view doctrine, stating that the balloon's connection with criminal activity was immediately apparent to a trained officer. The Court explained that the "immediately apparent" requirement means that an officer must have a probable basis to believe an observed item is connected with criminal activity. *Id.* at 741–742, 103 S.Ct. at 1542–1543. Absolute certainty is not required. The Court concluded in *Brown* that such a probability existed because the officer also saw vials with a white powder in the car, the officer knew balloons were used to carry narcotics, and the "distinctive character of the balloon itself spoke volumes as to its contents...." *Id.* at 743, 103 S.Ct. at 1544.

■ In the case before us, Deputy Benkula testified that the object he observed was tightly wrapped in the shape of a handgun. Although Tamez has asserted on appeal that Deputy Benkula's testimony was not credible, the district judge resolved the credibility issue in the state's favor. Credibility is for a trial court to determine. *Argyle v. Slemaker*, 107 Idaho 668, 691 P.2d 1283 (Ct.App.1984). Accordingly, we assume that the object appeared as Deputy Benkula has described. Moreover, because Tamez had made reported threats with a gun, Deputy Benkula knew when he saw the wrapped object that there was a gun somewhere in the vicinity. In this case, as in *Brown*, the distinctive shape of the package itself and the factual context in which

it was discovered gave it an immediately apparent connection with criminal activity. The third requirement of the plain view doctrine was thereby satisfied.

Accordingly, we sustain the district court's order denying Tamez's motion to suppress the gun as evidence during his trial. The judgment of conviction, for grand theft by possession of stolen property, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.