824 P.2d 894

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Manuel Hernandez RAMIREZ, Defendant–Appellant.**

**No. 19038.**

Court of Appeals of Idaho.

Dec. 4, 1991.

Petition for Review Denied Feb. 28, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Manuel Ramirez was convicted of possession of a controlled substance (heroin) based upon evidence seized from the front seat of his parked vehicle. On appeal, Ramirez contends that the police obtained the evidence in violation of his fourth amendment rights and that the district court erred in denying his motion to suppress. He also avers that the court abused its discretion by imposing a sentence more severe than that recommended by the state. We affirm.

I

Facts and Prior Proceedings

On the evening of April 4, 1990, Baltizar Garza, a patrol officer with the Caldwell Police Department, drove to the area of a local bar known as the King of Clubs. Officer Garza had received general information concerning suspected drug activity occurring at the bar. As Garza turned into the bar's parking lot he noticed two men: Ramirez, who was sitting in the passenger seat of a parked vehicle, and Mark Munoz, who was standing outside the driver's side of the vehicle. As Garza pulled up behind them, Ramirez got out of the vehicle and the two men began walking toward the entrance of the bar. Officer Garza directed the men to stop and asked where they were going. Ramirez explained he needed to relieve himself and Officer Garza permitted him to enter the bar to use the restroom. He detained Munoz for questioning. While Ramirez was inside the bar, Garza shined a flashlight inside the vehicle and saw a cigarette lighter on the floor of the passenger's side. He also observed a spoon lying face up on the driver's seat and noted what appeared to be a dark, tarry residue in its bowl. Garza opened the vehicle door and took the spoon, believing it had been used to prepare heroin. He then determined Ramirez was the vehicle's reg-istered owner. When Ramirez returned, Officer Garza arrested him for possession of drug paraphernalia and took him into custody. Based on the laboratory test later identifying the substance on the spoon as heroin, the state charged Ramirez with possession of a controlled substance, a felony. I.C. § 37–2732(c)(1).

Ramirez moved to suppress the spoon as evidence, claiming it had been seized in violation of his constitutional right to be free from unreasonable searches and seizures. The motion was denied. Ramirez then entered a negotiated plea of guilty to possession of a controlled substance, but expressly reserved his right to appeal the court's suppression ruling. *See* I.C.R. 11(a)(2). As part of the plea agreement, the state recommended that Ramirez serve 120 days in jail and pay a fine and restitution. However, the district court imposed a one-year fixed term of confinement, followed by an indeterminate term of one year.

On appeal, Ramirez contends that the district court erred by refusing to exclude the evidence. He asserts that the initial "stop" conducted by the officer was unlawful and that the evidence subsequently obtained should have been suppressed under the exclusionary rule as tainted fruit. He also argues that the officer's warrantless intrusion into his vehicle and seizure of its contents was not supported by probable cause and that the evidence should have been excluded on that basis. Finally, Ramirez challenges his sentence averring that the court abused its discretion when it imposed a term of confinement longer than the sentence recommended by the state. Because the search and seizure issues raised by Ramirez do not involve disputed facts but present questions of law, we will exercise free review of those questions. *In re Matter of McNeely*, 119 Idaho 182, 804 P.2d 911 (Ct.App.1990). As to Ramirez' sentence, we must determine whether the district court properly exercised its sentencing discretion.

II

We turn first to Ramirez' argument that the officer's observation of the items with-

in the vehicle's interior constituted an unlawful search requiring its "fruits" to be suppressed under the exclusionary rule. Ramirez contends that the officer lacked the requisite level of suspicion to conduct an investigative detention of Ramirez and Munoz, and therefore the officer's observation and seizure of the items after he approached the vehicle should have been suppressed. We are not persuaded.

### The "Open View" Doctrine

██ It is well-established that the observation of items in public view is not a "search" within the meaning of the Constitution and therefore is not subject to fourth amendment scrutiny. *See Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). A vehicle located in the parking lot of a bar is readily subject to observation by members of the public. Likewise, there exists no cognizable privacy right in "that portion of the interior of a vehicle which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers." *Texas v. Brown*, 460 U.S. at 740, 103 S.Ct. at 1542. An officer's use of a flashlight to illuminate the darkened interior of a vehicle does not raise the officer's observation to the level of a search. *Id.; State v. Loyd*, 92 Idaho 20, 435 P.2d 797 (1967). Only if the officer has gained a view of the items as the direct result of an intrusion into a place where a privacy interest exists must the officer justify the intrusion as a lawful police activity. *See Texas v. Brown*, 460 U.S. at 736–37, 103 S.Ct. at 1540; *State v. Tamez*, 116 Idaho 945, 782 P.2d 353 (1989). However, where the officer observes items from a position accessible to the general public, the officer need not provide a law-enforcement purpose for being there. *See* P. JOSEPH, WARRANTLESS SEARCH LAW DESKBOOK § 17.1 (1991).

██ In this case, Officer Garza's ability to perceive the vehicle's interior was *not* a direct consequence of his brief detention of the two men as they walked away from the vehicle. Therefore, his observation is not the fruit of the seizure regardless of the seizure's validity. Officer Garza's conduct in approaching and looking inside Ramirez' parked vehicle, as could any member of the general public, did not implicate the fourth amendment. Accordingly, the validity of the stop is irrelevant to our analysis and need not be addressed further.

### III

### The Officer's Intrusion into the Vehicle and Seizure of the Contraband

██ We next address whether Officer Garza lawfully entered the vehicle and took the spoon. Generally, the seizure of property in open view involves no invasion of privacy and requires no warrant, assuming there is probable cause to associate the property with criminal activity. *Texas v. Brown*, 460 U.S. at 738, 103 S.Ct. at 1541. However, a somewhat different circumstance is presented, where, as here, the property in open view is situated on private premises—in a vehicle—to which access is not otherwise available for the seizing officer. *Texas v. Brown*, 460 U.S. at 738, 103 S.Ct. at 1541, (citing *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)). A vehicle's interior is subject to fourth amendment protection, and thus even a minor intrusion into that space constitutes a "search." *New York v. Class*, 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986). A "seizure" of property occurs where there is some meaningful interference with an individual's possessory interests in that property. *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Thus, although an owner has no privacy interest in items open to public view, the *taking* of such items clearly invades the owner's possessory interest, and constitutes a seizure. *Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).

### The Vehicle Exception

██ The fourth amendment requires that all searches and seizures be reasonable. Warrantless searches and seizures are considered unreasonable per se unless they come within one of the judicially pre-

scribed exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Tamez*, 116 Idaho at 946, 782 P.2d at 354. The relevant exception in this case is the "vehicle" exception, which permits the warrantless search of a vehicle providing the officer has probable cause to believe the vehicle contains contraband which he is entitled to seize. As explained by the United States Supreme Court,

> [T]he pervasive schemes of regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate *so long as the overriding standard of probable cause is met.*
>
> When a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes—temporary or otherwise—the two justifications for the vehicle exception come into play.

*California v. Carney*, 471 U.S. 386, 392–93, 105 S.Ct. 2066, 2070, 85 L.Ed.2d 406 (1985) (emphasis added).

### Probable Cause

We turn then to Ramirez' assertion that the probable cause requirement was not met. We note that probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a person of reasonable caution to believe that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand proof that such a belief is accurate or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required. *Texas v. Brown*, 460 U.S. at 743, 103 S.Ct. at 1544; *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The officer's determination of probable cause must be based on objective facts which would be sufficient to convince a magistrate to issue a warrant under similar circumstances. *United States v. Ross*, 456 U.S. 798, 808, 102 S.Ct.

2157, 2164, 72 L.Ed.2d 572 (1982); *State v. Shepard*, 118 Idaho 121, 795 P.2d 15 (Ct. App.1990). In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

Applying this probable cause standard, we must determine whether Officer Garza reasonably could have concluded that the item he observed inside the vehicle was contraband or evidence of crime. The record shows that Garza first observed the cigarette lighter lying on the floorboard of the passenger's side of the vehicle. He then saw the spoon, lying face up on the driver's seat. In the bowl of the spoon was a black, tarry residue resembling heroin. Garza inferred that the lighter was used to heat the heroin in the spoon. We also note that Garza observed these items while in the parking lot of a place of reported drug activity. Garza further testified that he knew what the item was "from experience."

Ramirez maintains that the state failed to sufficiently detail the level of experience drawn upon by Officer Garza in associating the spoon and residue with drug use. Absent evidence of this background, Ramirez argues, the court could not determine whether the officer's conclusions were reasonable. We disagree. Although the record of the officer's experience is brief, it does establish that Officer Garza had made a previous arrest for possession of heroin and also that he knew what the substance looked like. The record also shows he was aware of the practice, common among heroin users, of melting the substance in an ordinary spoon prior to injection. We conclude that this showing demonstrates a level of experience adequate to support the officer's reasonable belief that the spoon he observed was drug paraphernalia. We therefore hold that the officer's intrusion into the vehicle and seizure of the spoon were constitutionally permissible, and we uphold the district court's ruling denying the motion to suppress.

## IV

### The Sentence

Finally, we consider Ramirez' sentence. Pursuant to the terms of the plea agreement, the prosecutor recommended that the court sentence Ramirez to 120 days in the Canyon County Jail and order that he pay a fine of $500 and reimburse the county for his representation by the public defender. The state's presentence investigator recommended that Ramirez complete the 120–day treatment program at North Idaho Correctional Institution, and also that he enroll in a substance abuse program followed by a probationary term of intensive supervision. At the sentencing hearing, however, Ramirez informed the court he would reject any grant of supervised probation. The court then imposed a mandatory one-year term of confinement followed by an indeterminate term of one year. Ramirez contends that the court abused its discretion by declining to follow the state's recommendation. He claims that the court should have imposed a 120–day sentence, without the supervision provision.

We begin by stating that the sentencing decision rests within the discretion of the sentencing court. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989). Although the prosecutor or presentence investigator may recommend a particular sentence, such a recommendation is not binding upon the court and may be disregarded. *State v. Farnsworth,* 51 Idaho 768, 781, 10 P.2d 295, 300 (1932); *State v. Rossi,* 105 Idaho 681, 682, 672 P.2d 249, 250 (Ct.App.1983). "[A] trial court is also not bound by a sentence recommendation made by the state even though the recommendation was offered in conjunction with a negotiated plea. The state's recommendation to the trial court is purely advisory." *Rossi,* 105 Idaho at 682, 672 P.2d at 250. "A defendant has no cognizable expectancy of receiving a sentence conforming to the prosecutor's recommendation." *Brooks v. State,* 108 Idaho 855, 857, 702 P.2d 893, 895 (Ct.App.1985). Moreover, the record in this case shows that, prior to accepting Ramirez' plea of guilty, the court expressly informed Ramirez that it was not required to follow the state's recommendation. Accordingly, we find no error in the court's decision to impose a sentence different from the one urged by the state.

### Conclusion

We conclude that the officer's observation of the contraband in Ramirez' parked vehicle was not a consequence of the "stop" and was thus unaffected by the stop's validity. Moreover, the officer's subsequent warrantless intrusion into the vehicle and seizure of the observed item was supported by probable cause and was therefore valid under the vehicle exception. As a result, we uphold the district court's order denying Ramirez' motion to suppress. Finally, we hold that the court did not abuse its discretion by rejecting the state's sentencing recommendation. Accordingly, the judgment of conviction, including the sentence, is affirmed.

SWANSTROM and SILAK, JJ., concur.