**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46450**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 25, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JILENE MARIE WEBB, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgments of conviction for possession of a controlled substance and reckless driving, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jilene Marie Webb appeals from her judgments of conviction for possession of a controlled substance and reckless driving. Webb argues that the district court erred in denying her motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A coffee stand employee encountered Webb falling asleep in her vehicle while ordering coffee using the drive-thru. The coffee stand employee reported that, after ordering coffee, Webb parked nearby and remained there, with her engine running, for approximately one hour. The employee contacted law enforcement and continued to observe Webb, who kept falling asleep. When the law enforcement officer arrived, he noted the vehicle was still running; the driver's side

1

window was rolled down; and Webb was slumped over the steering wheel, asleep, and holding pieces of paper in her hands. After waking Webb, the officer noticed Webb's eyelids were droopy and her speech was slow. Webb informed the officer she was tired because she had worked the night before and had woken early to drive a friend to work before stopping for coffee. Webb also told the officer that she had used heroin approximately six months prior.

Because the officer suspected Webb may have been driving under the influence, he requested a backup officer to conduct field sobriety tests. When the second officer arrived, Webb said she took prescription medication for her thyroid, and the officer identified Webb's medical and physical conditions. Webb subsequently failed two out of three field sobriety tests, resulting in a cumulative fail. After Webb cumulatively failed the field sobriety tests, she was arrested for driving under the influence of a controlled substance. A search incident to arrest revealed that Webb was in possession of heroin.

The State charged Webb with felony possession of a controlled substance and driving under the influence. Webb filed a motion to suppress, arguing that she was unlawfully detained without reasonable suspicion and was arrested without probable cause. After an evidentiary hearing, the district court denied Webb's motion to suppress. Webb thereafter entered a conditional guilty plea to felony possession of a controlled substance and an *Alford*[1] plea to an amended charge of reckless driving, reserving her right to challenge the denial of her motion to suppress. Webb appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## III.

## ANALYSIS

Webb contends the district court erred in denying her motion to suppress, asserting that her detention was not supported by reasonable suspicion and that her arrest was not supported by probable cause. The State responds that the district court correctly concluded there was both reasonable suspicion justifying Webb's detention and probable cause for her arrest. We agree with the State and hold that Webb has failed to show error in the denial of her motion to suppress.

### A.      Reasonable Suspicion for Investigatory Detention

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003).

In determining the officer had reasonable articulable suspicion to detain Webb, the district court made several factual findings. Those factual findings included that Webb was falling asleep while ordering coffee; Webb parked her car for a "pretty long time" after getting coffee and continued to fall asleep; Webb's behavior was sufficiently concerning to the coffee shop employee that the employee contacted law enforcement; when law enforcement arrived, Webb was "slumped over" in her vehicle, holding papers, with the vehicle running and the window rolled down; and Webb's eyelids were droopy and her speech was slow when she was interacting with the officer. Webb does not challenge any of these factual findings. Instead, Webb argues the facts did not provide reasonable suspicion because Webb explained her behavior by telling the officer she was tired, "worked the night before," had taken a prescription medication for a thyroid condition, and had not consumed any alcohol or controlled substances for several months. The officer was not, however, required to accept Webb's innocent explanations for her behavior and appearance, nor did those explanations serve to dispel the officer's reasonable suspicion. *See State v. Danney*, 153

3

Idaho 405, 411, 283 P.3d 722, 728 (2012) (reciting proposition that the existence of alternative innocent explanations does not necessarily negate reasonable suspicion). The district court's unchallenged factual findings support its legal conclusion that there was reasonable suspicion to detain Webb to investigate whether she had been driving under the influence.

**B.      Probable Cause for Arrest**

A peace officer may make a warrantless arrest when a person has committed a public offense in the presence of the peace officer. I.C. § 19-603(1). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty. *State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of the seizure warranted a person of reasonable caution to believe that the action taken was appropriate. *Id.*; *State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974). The facts making up a probable cause determination are viewed from an objective standpoint. *Julian*, 129 Idaho at 136-37, 922 P.2d at 1062-63. In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991).

The district court's additional factual findings relative to probable cause included that Webb cumulatively failed the field sobriety tests. These findings are also unchallenged on appeal. The objective facts available to the officer would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that Webb was driving under the influence of a controlled substance. Webb has failed to show the district court erred in denying her motion to suppress.

## IV.

## CONCLUSION

There was reasonable suspicion to detain Webb to investigate whether she had been driving under the influence, which investigation ultimately culminated in probable cause to arrest Webb for that offense. Thus, Webb has failed to show the district court erred in denying her motion to suppress. Webb's judgments of conviction for possession of a controlled substance and reckless driving are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

4