**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47868**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 9, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AMERY HOPE GARRITSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Amery Hope Garritson appeals from her judgment of conviction for possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While being questioned by an officer in a casino lobby about drug paraphernalia found inside, Garritson's father passed what appeared to be his phone, some cash, and another unidentified object to Garritson. The officer responded by telling Garritson's father not to "hand anything off" without asking and denying him permission to give his car keys to Garritson. A second officer then approached Garritson and requested her identification. Garritson refused the request and exited the lobby. After Garritson refused further requests for identification, the second

1

officer told casino security personnel that Garritson was being "kicked out" of the casino and reentered the lobby. When Garritson followed, the second officer commanded her to leave the lobby. Garritson disregarded the officer's command. Garritson's father then slid his keys to Garritson, and she disregarded the second officer's command to drop the keys. The second officer then informed Garritson she was being detained and placed her in handcuffs. Ultimately, officers arrested Garritson for resisting or obstructing officers. A subsequent search of Garritson's purse yielded methamphetamine and drug paraphernalia.

The State charged Garritson with resisting or obstructing officers, trafficking methamphetamine, and possession of drug paraphernalia. Garritson moved to suppress, among other things, the evidence found in her purse as the fruit of an unlawful seizure.[1] As relevant to this appeal, the district court concluded that officers conducted a lawful inventory search of Garritson's purse after arresting her and, therefore, denied her motion to suppress. Pursuant to a plea agreement, Garritson conditionally pled guilty to an amended charge of possession of methamphetamine (I.C. § 37-2732(c)(1)), retaining her right to appeal the denial of her motion to suppress. In exchange for Garritson's guilty plea, the State dismissed the other charges. Garritson appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1] Garritson also argued that, even if her arrest was lawful, the subsequent search of her purse was not and that officers questioned her and elicited statements from her after she invoked her right to remain silent. Garritson does not pursue these arguments on appeal.

2

## III.

## ANALYSIS

Garritson argues that the district court erred by denying her motion to suppress, asserting that the search of her purse was not a lawful inventory search because officers arrested her without probable cause. The State responds that the district court correctly determined that officers had probable cause to arrest Garritson for resisting or obstructing after she refused officers' commands to leave the casino lobby and relinquish her father's keys. We hold that the district court correctly concluded that Garritson was lawfully arrested; therefore, Garritson has failed to show error in the denial of her motion to suppress.

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). Inventory searches following a lawful arrest are one such well-established exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *State v. Slaybaugh*, 108 Idaho 551, 554, 700 P.2d 954, 957 (Ct. App. 1985). A peace officer may make a warrantless arrest when a person has committed a public offense in the officer's presence. I.C. § 19-603(1). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty. *State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of the seizure warranted a person of reasonable caution to believe that the action taken was appropriate. *Id.*; *State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974). The application of probable cause to arrest must allow room for some mistakes by the arresting officer; however, the mistakes must be those of a reasonable person, acting on facts leading sensibly to their conclusion of probability. *Julian*, 129 Idaho at 137, 922 P.2d at 1063. The facts making up a probable cause determination are viewed from an objective standpoint. *Id.* at 136-37, 922 P.2d at 1062-63. In considering whether there was probable cause, the expertise and the experience of the officer must be taken into account. *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991).

3

The district court concluded that the officers had probable cause to arrest Garritson for resisting and obstructing in violation of I.C. § 18-705. Idaho Code Section 18-705 prohibits willfully resisting, delaying, or obstructing any public officer in the discharge, or attempt to discharge, any duty of his office. During the hearing on Garritson's motion to suppress, the State argued that Garritson violated I.C. § 18-705 by refusing to comply with the officers' commands to leave the casino lobby and relinquish her father's keys. In denying Garritson's motion to suppress, the district court found that, despite overhearing an officer deny Garritson's father permission to give his keys to her, Garritson "nonetheless picked up the keys and refused to relinquish them" when ordered to do so. The district court reasoned that Garritson's refusal to abide the officer's prior order "clearly hindered" the investigation of Garritson's father by "distracting the officers' attention" and increasing tensions "in a moment already fraught with stress and pressure." Garritson does not dispute that public officers ordered her to relinquish her father's keys or that she was aware of the officers' official status. Rather, Garritson asserts that the district court erred by concluding that her refusal to relinquish the keys gave rise to probable cause for resisting or obstruction because the State failed to show that the officer's order for Garritson to drop her father's keys was "given within the scope of the officers' lawful duties." We disagree.

Within the context of I.C. § 18-705, this Court has interpreted the word "duty" as encompassing only the lawful and authorized acts of a public officer. *State v. Wilkerson*, 114 Idaho 174, 180, 755 P.2d 471, 477 (Ct. App. 1988), *aff'd*, 115 Idaho 357, 358, 766 P.2d 1238, 1239 (1988) (affirming without opinion). Thus, I.C. § 18-705 does not criminalize peaceful resistance to or obstruction of an officer's unlawful acts. *State v. Bishop*, 146 Idaho 804, 817, 203 P.3d 1203, 1216 (2009). Accordingly, the issue is whether officers could lawfully order Garritson to relinquish her father's keys. We conclude that they could.

Officers may briefly detain a person based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *See State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). An investigatory detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of the detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d

4

at 931. By seizing a person, an officer also incidentally seizes those effects the person has in his or her possession. Such incidental seizure of a person's effects does not violate the Fourth Amendment if the person's seizure is justified. *See United States v. Place*, 462 U.S. 696, 715 (1983) (Brennan, J., concurring) ("Obviously, an officer cannot seize a person without also seizing the personal effects that the individual has in his [or her] possession at the time."). Once an officer initiates a valid investigative detention, the officer is entitled to "maintain the status quo momentarily" during the detention. *Adams v. Williams*, 407 U.S. 143, 146 (1972). Accordingly, officers conducting a lawful investigatory detention, which encompasses the incidental detention of effects in the detainee's possession, are performing a duty of their office under I.C. § 18-705.

Garritson does not argue that officers did not or could not conduct a lawful investigative detention of her father for possession of drug paraphernalia. Rather, according to Garritson, even if her father lacked a "constitutional or statutory right to distribute any of the property in his possession," the State failed to show how her father's "act of kicking the keys" to her "necessarily means that [her] act of picking up the keys and refusing to immediately drop them obstructed the officers' investigation into [her father]'s suspected possession of drug paraphernalia." This argument is unpersuasive. As previously stated, officers may seize a detainee's personal effects incidental to the seizure of the detainee and maintain "the status quo" during the seizure. *See Place*, 462 U.S. at 715-16 (Brennan, J., concurring); *Adams*, 407 U.S. at 146. Thus, personal effects seized incidental to a lawful investigative detention are entitled to no more freedom from seizure than the detainee. By taking possession of the keys, Garritson, who the district court found had not been arrested or detained, created a possibility that the keys might leave the casino lobby. The officer's order for Garritson to relinquish the keys would eliminate this possibility, and her failure to comply distracted officers and impeded their investigation of Garritson's father.

In sum, Garritson altered the status quo of the investigation of her father by taking possession of his keys and then, by refusing a command to relinquish the keys, interfered with the officers' attempts to restore and maintain the status quo. Thus, Garritson has not shown that the district court erred by concluding that her conduct provided the officers probable cause to arrest her for resisting and obstructing. Accordingly, Garritson has not shown error in the denial of her motion to suppress. Because we affirm the district court's decision on this basis, it is unnecessary

5

to consider the State's arguments that Garritson's refusal follow officers' commands to leave the casino lobby also provided probable cause to arrest her for resisting or obstructing officers.

## IV.

## CONCLUSION

Garritson has failed to show error in the district court's conclusion that officers had probable cause to arrest Garritson for refusing their command to relinquish her father's keys. Consequently, Garritson has failed to show error in the denial of her motion to suppress. Accordingly, Garritson's judgment of conviction for possession of methamphetamine is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.