**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48487**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 15, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSE RAMON BARRON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Rosemary Emory and John K. Butler, District Judges.

Judgment of conviction for lewd conduct with a minor under sixteen, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jose Ramon Barron appeals from his judgment of conviction for lewd conduct with a minor under sixteen. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Responding to a school after receiving a report of suspected lewd conduct with a minor, an officer learned from teachers that a minor child disclosed that her brothers molested her for a period of approximately five years. The officer interviewed the minor child, who related that her brothers had been touching her and she did not want to be touched. Based on this information, the officer instructed other officers to arrest two of the brothers, one of whom was Barron. Following

his arrest, Barron made incriminating statements. The State charged Barron with lewd conduct with a minor under sixteen.

Barron moved to suppress his post-arrest statements, in part contending that the officers lacked probable cause for his arrest. After the district court denied his motion, Barron entered a conditional guilty plea to lewd conduct with a minor under sixteen, I.C. § 18-1508, reserving his right to challenge the denial of his motion to suppress. Barron appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Barron argues that the allegations of molesting and touching were not specific enough to support probable cause of lewd conduct with a minor under sixteen and, consequently, the district court erred in denying his motion to suppress. The State responds that the probable cause analysis is not limited to the felony Barron addresses (lewd conduct with a minor under sixteen) but includes sexual abuse of a minor as well. According to the State, the allegations of molesting and touching fall within the ambit of one of these two felonies, supporting probable cause for Barron's arrest. In reply, Barron asserts the State failed to preserve its argument that allegations of molesting and touching could support probable cause for sexual abuse of a minor. We hold that Barron has failed to show the district court erred in concluding that there was probable cause for his warrantless arrest.

2

An officer may make a warrantless arrest if the officer has probable cause[1] to believe the arrestee has committed a felony. I.C. § 19-603(2)-(3); *State v. Jenkins*, 143 Idaho 918, 921-22, 155 P.3d 1157, 1160-61 (2007). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty. *State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of the seizure warranted a person of reasonable caution to believe that the action taken was appropriate. *Id.*; *State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974). The application of probable cause to arrest must allow room for some mistakes by the arresting officer; however, the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusion of probability. *Klinger v. United States*, 409 F.2d 299, 304 (8th Cir. 1969); *Julian*, 129 Idaho at 137, 922 P.2d at 1063. The facts making up a probable cause determination are viewed from an objective standpoint. *Julian*, 129 Idaho at 136-37, 922 P.2d at 1062-63. In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991). We review questions of probable cause de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

Barron argues that "the facts articulated by [the interviewing officer] are not sufficiently specific to support a reasonable belief that [the minor child's] brothers had committed an act of 'lewd conduct' under" I.C. § 18-1508. Barron's argument centers on one element of lewd conduct with a minor under sixteen--specifically the commission of a "lewd or lascivious act." I.C. § 18-1508. "[G]enital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact" fall within the definition of a lewd or lascivious act. *Id.* This definition also includes conduct "of the same type of activity as the enumerated acts in the statute" and that "amount[s] to the severity of lewd conduct." *State v. Kavajecz*, 139 Idaho 482, 486-87, 80 P.3d 1083, 1087-88 (2003). Barron admits that "molesting" and "touching" are

---

[1]     Although I.C. § 19-603(3) uses "reasonable cause," this phrase appears to be the same as "probable cause," *see State v. Jenkins*, 143 Idaho 918, 921-22, 155 P.3d 1157, 1160-61 (2007) (using phrases interchangeably). For the sake of consistency with Fourth Amendment law, "probable cause" is used instead of "reasonable cause."

words "connoting sexual physical context," but asserts they "do not signify the commission of an act that amounts to the severity of 'lewd conduct' under the statute." We disagree with Barron's assertion. Although the words "molesting" and "touching" can refer to conduct not amounting to lewd conduct, they can (and often do) refer to sexual contact of the kind prohibited by I.C. § 15-1508. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 749 (10th ed. 1994) (defining "molest" as "to make annoying sexual advances to; *esp*: to force physical and usu. sexual contact on"). Probable cause deals with "probabilities," not "hard certainties." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981)). We hold that the allegations of molesting and touching in this case would lead a person of ordinary care and prudence to believe that Barron had committed a lewd or lascivious act with the minor child.

Next, Barron notes the interviewing officer did not testify regarding "any other circumstances surrounding [the minor child's] purported disclosures"; why the officer "found those disclosures to be trustworthy"; how the officer's "experience or his police training [connected to] the particular conclusions that he drew in this case"; or how the officer concluded that "a report of 'touching' or 'molesting,' without more . . . led him to conclude that one or more acts of 'lewd conduct' had been committed." The lack of testimony, however, does not undermine the officer's testimony that he learned that the minor child had been molested and touched by her brothers, which gave the officer probable cause that Barron committed a lewd or lascivious act. Consequently, Barron has failed to show the district court erred in concluding that the officers had probable cause for his arrest. Because we affirm the district court's denial of Barron's motion to suppress on this basis, we need not address the State's argument that the allegations could support probable cause of sexual abuse of a minor or Barron's assertion that the State failed to preserve that argument.

## IV.

## CONCLUSION

Barron has failed to show the district court erred in concluding that the officers had probable cause for his arrest. Thus, Barron has failed to show the district court erred in denying his motion to suppress. Consequently, Barron's judgment of conviction for lewd conduct with a minor under sixteen is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

4